# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

vs.

ARTHUR MOTEN,

          Defendant.

No. CR 11-4101-1-MWB

**OPINION AND ORDER REGARDING DEFENDANT'S "MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(C)(2) AND U.S.S.C. AMENDMENT 782"**

---

      This case is before me on defendant Arthur Moten's December 20, 2018, *pro se* "Motion For Sentence Reduction Pursuant To 18 U.S.C. § 3582(C)(2) And U.S.S.C. Amendment 782."[1] In his motion, Moten seeks a reduction based on Amendment 782 to the United States Sentencing Guidelines as recently interpreted by the Supreme Court in *Hughes v. United States*, 138 S. Ct. 1765 (2018), with regard to the availability of such a reduction to a defendant who pleaded guilty pursuant to a plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.

      On July 28, 2011, Moten was charged in a single-count indictment with conspiracy to distribute 50 grams or more of actual (pure) methamphetamine, after a prior felony drug conviction, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 851. On January 6, 2012, Moten pleaded guilty pursuant to a Rule 11(c)(1)(C) plea agreement, in which the parties agreed that the government would drop the § 851 (prior conviction) enhancement and that Moten would be sentenced to 151 months' imprisonment or the

---

[1] I conclude that "U.S.S.C. Amendment 782" in Moten's Motion refers to the United States Sentencing Commission's Amendment 782 to the United States Sentencing Guidelines (U.S.S.G.).

high end of the guidelines range, whichever was greater, but no more than 240 months' imprisonment.

In the Presentence Investigation Report, which I adopted without changes at Moten's Sentencing hearing on May 14, 2012, *see* Statement Of Reasons, ¶ 1A, Moten's Adjusted Offense Level was 28. I found that Moten was a career offender, however, which increased his offense level to 37. I ultimately determined that his Total Offense Level was 34, based on acceptance of responsibility. *See* Presentence Investigation Report, ¶¶ 18-22. I also determined that Moten's criminal history category, pursuant to the career offender enhancement, was VI. *See id.* at ¶ 42. Thus, Moten's advisory guidelines range was 262 months to 327 months. *See* Presentence Investigation Report, ¶ 75. The agreed sentence in Moten's plea agreement was below the bottom end of Moten's advisory guidelines range. Therefore, I sentenced Moten to the agreed sentence of 240 months. Judgment entered accordingly on May 16, 2012.

On July 16, 2015, on my own motion, I considered whether Moten was entitled to a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. At that time, I denied such a reduction, under circuit precedent, because Moten had entered into a plea agreement under Rule 11(c)(1)(C), and his sentence was predicated on an agreed upon sentence rather than a sentencing range. *See* Order Regarding Motion For Sentence Reduction Pursuant To 18 U.S.C. § 3582(c)(2), 3-4 (citing *United States v. Williams*, 598 F.3d 963, 946 (8th Cir. 2010)).

In his current Motion, Moten seeks a reduction pursuant to § 3582(c)(2), because, on June 4, 2018, the Supreme Court decided *Hughes v. United States*, 138 S. Ct. 1765 (2018), which removed the impediment to § 3582(c)(2) relief in cases in which a defendant entered into a Rule 11(c)(1)(C) plea agreement. Moten asserts that, according to the Presentence Investigation Report, his offense level was 34, his criminal history category was V, and his advisory guidelines sentence was 235 to 293 months. He argues

that, with a 2-level reduction pursuant to Amendment 782, his offense level would be 32, and with a criminal history category of V, his advisory guidelines range would now be 188 to 235 months. He also points to post-sentencing conduct demonstrating his significant efforts to seek education and rehabilitation. Under these circumstances, Moten requests a sentence reduction to 188 months.

As Moten argues, the controlling question in *Hughes* was "whether a defendant may seek relief under § 3582(c)(2) if he entered a plea agreement specifying a particular sentence under Federal Rule of Criminal Procedure 11(c)(1)(C)," which the Court noted "is sometimes referred to as a 'Type–C agreement.'" 138 S. Ct. at 1773. The Court held that, even in a case involving such a plea agreement, "relief under § 3582(c)(2) should be available to permit the district court to reconsider a prior sentence to the extent the prisoner's Guidelines range was a relevant part of the framework the judge used to accept the agreement or determine the sentence." *Id*. at 1778. Thus, Moten's Rule 11(c)(1)(C) plea agreement no longer necessarily bars § 3582(c)(2) relief. On the other hand, as the Court explained in *Hughes*, "If the district court concludes that it would have imposed the same sentence even if the defendant had been subject to the lower [guidelines] range, then the court retains discretion to deny relief [under § 3582(c)(2)]." *Id*.

Here, Moten's arguments about how his advisory guidelines range was calculated in his Presentence Investigation Report and how it would be recalculated pursuant to Amendment 782 are both incorrect. First, Moten fails to recognize that he was determined to be a career offender and that his advisory guidelines range reflected enhancements as a result. More specifically, the predicate convictions for Moten's career offender status were a 1993 conviction for possession with intent distribute cocaine base; a 2001 conviction for possession with intent to distribute marijuana; and a 2005 conviction for first degree false imprisonment. *See* Presentence Investigation Report at ¶¶ 34, 39, 40. The last predicate conviction was particularly disturbing. It arose from

an incident in which an ex-girlfriend, with whom Moten has a daughter, and her female friend came to Moten's residence to collect the ex-girlfriend's belongings, which Moten had tossed into the yard of the residence. *Id.* at ¶ 40. Moten repeatedly punched and beat both women, attempted to pull the ex-girlfriend out of a vehicle through a broken window, grabbed her by her hair, dragged her into their former residence, threatened her with a knife, and at one point drew a gun, in an attempt to detain the ex-girlfriend and stop her from leaving him. Moten's additional criminal history, involving convictions from 1988 to 2010, involves not just other drug convictions, but a conviction for serious assault in 1990, arising from a gang-related incident in which Moten stabbed an individual and for which he was originally arrested for attempted murder. *See id.* at ¶ 30.

As a consequence of Moten's career offender enhancements, his advisory guidelines range in the Presentence Investigation Report was not 235 to 293 months, as Moten argues, but 262 to 327 months. *Id.* at ¶ 75. I conclude that I would have imposed the same 240-month sentence that I gave him pursuant to the parties' plea agreement, which was nearly two years less than the bottom of Moten's advisory guidelines range, even if Moten had been subject to a lower guidelines range pursuant to Amendment 782. *Hughes*, 138 S. Ct. at 1778. I reach this conclusion in light of Moten's criminal history, offense conduct, personal characteristics, and other 18 U.S.C. § 3553(a) factors, as set out in the Final Presentence Investigation Report. In these circumstances, I exercise my discretion to deny Moten relief under § 3582(c)(2). *Id.*

Moten is not eligible for a sentence reduction pursuant to § 3582(c)(2) for another reason, as well. Moten's guidelines sentence was calculated on the basis that he was a career offender, *see* U.S.S.G. § 4B1.1, so Amendment 782 (subject to subsection (e)(1)) does not impact his advisory guidelines range, and a sentence reduction is not available. *See, e.g., United States v. Reeves*, 717 F.3d 647, 649-50 (8th Cir. 2013) (discussing eligibility for a reduced sentence in light of career offender status). More specifically, even if Moten's Adjusted Offense Level were reduced pursuant to Amendment 782 (from

28 to 26), his career offender enhancement pursuant to U.S.S.G. § 4B1.1 would still have placed him at level 37, and his reductions for acceptance of responsibility would have led to exactly the same Total Offense Level of 34. Pursuant to the career offender enhancement, his criminal history category would still have been VI. Thus, Moten's advisory guidelines sentence, even after application of Amendment 782, would still be 262 months to 327 months, not 188 to 235 months, as he contends, and I would still find a sentence of 240 months to be appropriate, in light of all relevant § 3553(a) factors.

Finally, I agree with Moten that his prison record shows substantial effort on his part to obtain education and occupational training and other rehabilitation efforts. Nevertheless, I do not find that his prison record provides sufficient basis for a sentence reduction, in light of all pertinent factors. *See, e.g., United States v. Darden*, 910 F.3d 1064, 1068 (8th Cir. 2018) (a court may consider post-sentencing rehabilitation efforts when considering whether to reduce a defendant's sentence, but evidence of rehabilitation does not necessarily require a reduction in sentence, and the court is entitled to consider whether post-sentencing rehabilitation is outweighed by other factors).

THEREFORE, defendant Arthur Moten's December 20, 2018, *pro se* "Motion For Sentence Reduction Pursuant To 18 U.S.C. § 3582(C)(2) And U.S.S.C. Amendment 782" (docket no. 62) is **denied**.

**IT IS SO ORDERED**.

**DATED** this 28th day of January, 2019.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA